UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MANUEL A. ORTIZ (#234337),

                                         CASE NO. 2:12-CV-10269
              Plaintiff,        JUDGE PAUL D. BORMAN
                                         MAGISTRATE JUDGE PAUL J. KOMIVES
v.

JOE THURLOW and
GARY KUIPER,

             Defendants,
                                      /

**<u>ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S APRIL 9, 2012 MOTION TO APPOINT COUNSEL (Doc. Ent. 19) and GRANTING PLAINTIFF'S APRIL 9, 2012 MOTION (Doc. Ent. 20) FOR EXTENSION OF TIME TO FILE RESPONSE TO DEFENDANT THURLOW'S MARCH 28, 2012 MOTION FOR SUMMARY JUDGMENT (Doc. Ent. 15)</u>**

**A.    Background**

Manuel A. Ortiz (#234337) is currently incarcerated at the Chippewa Correctional Facility (URF) in Kincheloe, Michigan.[1] On January 20, 2012, while incarcerated at the Richard A. Handlon Correctional Facility (MTU) in Ionia, Michigan, Ortiz filed this lawsuit. Defendants are Joe Thurlow, described as a Michigan State Industries (MSI) Laundry Supervisor at Thumb Correctional Facility (TCF) in Lapeer, Michigan, and Gary Kuiper, described as an MDOC Hearings Officer. Doc. Ent. 1. Plaintiff seeks both compensatory and punitive damages. Doc. Ent. 1 at 4.

The facts underlying plaintiff's complaint mention a June 9, 2010 misconduct for smuggling (045) written by Thurlow. According to plaintiff, Kuiper found plaintiff guilty of this

---

[1]*See* www.michigan.gov/corrections, "Offender Search;" *see also* Doc. Ent. 10.

charge on June 16, 2010. Among other things, plaintiff contends that Thurlow and Kuiper violated MDOC PD 03.03.130 ("Humane Treatment and Living Conditions for Prisoners"), Paragraph M of which provides, "Prohibited forms of discrimination shall not serve as the basis for prisoner programming, including work and school assignments, or other administrative decisions." Plaintiff claims he appealed the misconduct report, but it was upheld by the MDOC. *See* Doc. Ent. 1 at 4-7.

According to plaintiff, he was transferred from TCF to Saginaw Correctional Facility (SRF) in Freeland, Michigan, on July 1, 2011. *See* Doc. Ent. 1 at 5. Plaintiff claims he filed a petition for judicial review of the hearing officer's finding, where, on July 18, 2011, Judge William E. Collette reversed the hearing officer's findings (Ingham County Circuit Court, Case No. 10-117-AA). Doc. Ent. 1 at 6.

Furthermore, plaintiff claims he filed a grievance (TCF-11-08-05566-02z) requesting to be transferred back to TCF, placed back on his job assignment, given back pay, and compensated for 23 days in the hole. Allegedly, plaintiff pursued this grievance through Step III. Doc. Ent. 1 at 6-7.

**B.**    **Pending Motion**

On February 16, 2012, Judge Borman referred this case to me to conduct all pretrial matters. Doc. Ent. 9. Currently before the Court is defendant Thurlow's March 28, 2012 motion for summary judgment. Doc. Ent. 15. Therein, Thurlow asserts:

> I.    Plaintiff contends that Defendant's misconduct ticket against him violated his 14th Amendment Equal Protection and Due Process rights. Plaintiff must prove evidence demonstrating "intentional and arbitrary discrimination" to sustain his Equal Protection Claim, and must demonstrate an "atypical and significant hardship" to satisfy his Due

2

> Process claim. Here, Plaintiff cannot prove either. [Therefore, defendant is entitled to summary judgment.]
>
> II. Defendant did not violate a clearly established constitutional right and all of his actions were objectively reasonable under the circumstances. [Therefore, defendant is entitled to qualified immunity.]
>
> III. Defendant is a state employee who acted in his official capacity at all times. [Therefore, defendant is entitled to Eleventh Amendment immunity.]

Doc. Ent. 15 at 4, 8-14.[2]

**C.    Discussion**

**1.**    On April 9, 2012, plaintiff filed a motion for appointment of counsel pursuant to 28 U.S.C. § 1915. Doc. Ent. 19. Specifically, plaintiff claims (a) he "is unable to afford counsel[,]" (b) he "is unable to clearly read, write, and comprehend English[,]" (c) "[t]he issues involved in this case are complex[,]" (d) "he "has extremely limited access to legal help, book(s), and other legal materials(s)[,]" and (e) he "has a limited knowledge of the law."

Upon consideration, plaintiff's April 9, 2012 motion for appointment of counsel is denied without prejudice to renewal if his case survives dispositive motion practice and/or proceeds to trial or if other circumstances warranting the appointment of counsel arise.

**2.**    On April 9, 2012, plaintiff filed a motion and brief for enlargement of time in which to file responsive pleading pursuant to Fed. R. Civ. P. 6(b), whereby he requests "an additional sixty (60) days to file a responsive pleading." Doc. Ent. 20 at 1-2.

---

[2]Attached to the motion are the March 22, 2012 affidavit of Joe Thurlow, Plant Manager Lapeer Laundry (Doc. Ent. 17-1) and a copy of this Court's decision in *Dye v. Deangelo*, 09-14545, 2010 WL 4976936 (E.D. Mich. Dec. 2, 2010) (Friedman, J.) (Doc. Ent. 17-2).

Ordinarily, plaintiff's response to defendant Thurlow's March 28, 2012 motion for summary judgment (Doc .Ent. 15) would have been due on or about April 23, 2012. E.D. Mich. LR 7.1(e)(1)(B) ("A response to a dispositive motion must be filed within 21 days after service of the motion."), Fed. R. Civ. P. 6(d). Therefore, his request for an extension of the response period is governed by Fed. R. Civ. P. 6(b)(1)(A): "When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires[.]"

Plaintiff apparently claims that he received defendant Thurlow's March 28, 2012 motion on March 30, 2012. Among other things, plaintiff claims he cannot "clearly comprehend reading and writing of English to respond[,]" and alleges that the MDOC does not "allow prisoners to assist each other in legal matters and the[re] [is] no one in the Prison Law Library that can assist in speaking Spanish." Doc. Ent. 20 at 1. Also, plaintiff contends:

> To appropriate[ly] respond[,] additional time is needed to obtain the relevant facts, to evaluate a possible dispositive motion, to prepare an appropriate response, and to fully assist this Court. Delay in responding to the pleading(s) is not the result of inexcusable neglect by plaintiff. Because of plaintiff having problem(s) reading and writing English[,] a response has not been possible before the instant motion. Defendant(s) will not be prejudiced by granting this Motion[.]

Doc. Ent. 20 at 2.

Upon consideration, plaintiff's motion for an enlargement of time (Doc. Ent. 20) is granted.

**D.   Order**

Accordingly, plaintiff's April 9, 2012 motion for appointment of counsel (Doc. Ent. 19) is DENIED WITHOUT PREJUDICE.

However, plaintiff's April 9, 2012 motion for enlargement of time in which to file responsive pleading (Doc. Ent. 20) is GRANTED. Plaintiff shall have up to and including Monday, June 18, 2012 by which to file a response to defendant Thurlow's March 28, 2012 motion for summary judgment (Doc. Ent. 15). Any reply by defendant(s) shall be filed in accordance with E.D. Mich. LR 7.1.

**IT IS SO ORDERED.**

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of service of a copy of this order within which to file an appeal for consideration by the district judge under 28 U.S.C. § 636(b)(1).


Dated: April 17, 2012  

s/Paul J. Komives  
PAUL J. KOMIVES  
UNITED STATES MAGISTRATE JUDGE


I hereby certify that a copy of the foregoing document was sent to parties of record on April 17, 2012 electronically and/or U.S. mail.

s/Michael Williams  
Relief Case Manager for the Honorable  
Paul J. Komives