UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MANUEL ORTIZ,

                Plaintiff,                Case No. 12-10269

                                            Paul D. Borman
v.                                          United States District Judge

                                            Paul Komives
JOE THURLOW AND                      United States Magistrate Judge
GARY KUIPER,

                Defendants.
_____/

OPINION AND ORDER:
(1) DENYING PLAINTIFF'S OBJECTIONS (Dkt. No. 28);
(2) ADOPTING THE REPORT AND RECOMMENDATION (Dkt. No. 27);
(3) GRANTING DEFENDANT THURLOW'S
MOTION FOR SUMMARY JUDGMENT (Dkt. No. 15);
(4) GRANTING DEFENDANT KUIPER'S MOTION TO DISMISS (Dkt. No. 24)

On January 30, 2013, Magistrate Judge Paul Komives issued a Report and Recommendation in favor of granting Defendant Joe Thurlow's Motion for Summary Judgment and Defendant Gary Kuiper's Motion to Dismiss. (Dkt. No. 27, Report and Recommendation). Now before the Court is Plaintiff Manuel Ortiz's ("Plaintiff") timely Objection to the Report and Recommendation dated February 11, 2013. (Dkt. No. 28).

This Court reviews *de novo* the portions of a report and recommendation to which objections have been filed. 28 U .S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* Further, the Court recognizes that the Court must read Plaintiff's *pro se* filings indulgently. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Having conducted a *de novo* review of the parts of the Magistrate Judge's Reports and Recommendations to which valid

objections have been filed pursuant to 28 U.S.C. § 636(b)(1), the Court adopts the Report and Recommendation and grants both Defendant Thurlow's Motion for Summary Judgment and Defendant Kuiper's Motion to Dismiss.

## I. BACKGROUND

Plaintiff filed this civil rights action pursuant to 42 U.S.C. §§ 1981, 1983 on January 20, 2012. (Dkt. No. 1). Plaintiff is a state prisoner, who at the time relevant to the underlying events was housed at the Thumb Correctional Facility in Lapeer, Michigan. Plaintiff names Hearings Officer Gary Kuiper and Michigan Department of Corrections Lapeer Laundry Plant Manager Joe Thurlow as defendants.

Plaintiff claims that on June 9, 2010, Plaintiff was working in the laundry room when another inmate told Defendant Thurlow to "look at the Mexican." (Compl. at 4). Defendant Thurlow then searched Plaintiff and found nothing, but discovered a cell phone in a nearby laundry cart. (*Id*.). That same day, Defendant Thurlow issued Plaintiff a major misconduct charging Plaintiff with possession of a contraband phone. (*Id*. 3-4).

On June 16, 2010, a hearing was held before Defendant Kuiper and Plaintiff was found guilty of the major misconduct and sentenced to ten days in administrative segregation. (*Id*. 4-5). Thereafter, Plaintiff was transferred to the Saginaw Correctional Facility and lost his job assignment in the laundry room. (*Id*.). Plaintiff appealed the major misconduct to the Ingham County Circuit Court. The circuit court reversed the finding on July 18, 2011, and concluded that the finding was not supported by the evidence. (*Id*. at 5).

Plaintiff claims the major misconduct report was false and that both the misconduct report by Defendant Thurlow and the guilty finding by Defendant Kuiper were wrongfully based

on his ethnicity.

Defendant Thurlow filed a Motion for Summary Judgment on March 28, 2012 asserting that there were no genuine issues of material fact as to any of Plaintiff's claims. (Dkt. No. 15). Defendant Kuiper filed a Motion to Dismiss on April 23, 2012 arguing that he is absolutely immune from suit. (Dkt. No. 21). Plaintiff responded to both motions. On January 23, 2013, Magistrate Judge Komives agreed with the Defendants and granted by Defendant Thurlow's motion for summary judgment and Defendant Kuiper's motion to dismiss.

## II. STANDARD OF REVIEW

A district court judge reviews *de novo* the portions of the report and recommendation to which objections have been filed. 28 U .S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* Objections must be timely to be considered. A party who receives notice of the need to timely object yet fails to do so is deemed to waive review of the district court's order adopting the magistrate judge's recommendations. *Mattox v. City of Forest Park,* 183 F.3d 515, 519-20 (6th Cir.1999). "[A] party *must* file timely objections with the district court to avoid waiving appellate review." *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987) (emphasis in original).

Defendant Thurlow moved for summary judgment under Rule 56(c) of the Federal Rules of Civil Procedure. This rule provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." The moving party bears the initial burden of showing that there is no genuine issue of

material fact. *Matsushita Electric Industrial Co., Ltd., et al. v. Zenith Radio Corp., et al.*, 475 U.S. 547, 587 (1986). Once this burden is met, the opposing party must produce some facts showing there is a genuine issue for trial. *Id*. If a rational trier of fact could not, based on the record as a whole, find in favor of the party opposing summary judgment, then summary judgment is granted in favor of the moving party. *Id*. The Court must view the facts and draw all reasonable inferences in favor of the non-moving party. The Court does not determine if all of the evidence favors one side or the other, but "whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

Defendant Kuiper moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) allows for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted. When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). But the court "need not accept as true legal conclusions or unwarranted factual inferences." *Id*. (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). "[L]egal conclusions masquerading as factual allegations will not suffice." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

The Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level...." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

(2007) (internal citations omitted). Dismissal is only appropriate if the plaintiff has failed to offer sufficient factual allegations that make the asserted claim plausible on its face. *Id.* at 570.

### III. ANALYSIS

**A.     Defendant Kuiper's Motion to Dismiss**

Plaintiff argues that the Magistrate Judge erred in concluding that Defendant Kuiper's motion to dismiss should be granted. Plaintiff does not dispute that Defendant Kuiper, as a Michigan hearing officer (also commonly referred to as an administrative law judge), is entitled to judicial immunity. Rather, Plaintiff argues that Defendant Kuiper's actions fall within one of the two exceptions to that judicial immunity.

As the Magistrate Judge correctly set forth, judicial immunity can be overcome in only two cases: (1) when a judge takes non-judicial actions which are outside of the judge's official capacity; or (2) when the judge takes action (whether a judicial action or not) in the complete absence of jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (per curiam).

Plaintiff argues that Defendant Kuiper's actions fell outside of his judicial capacity when he held that Plaintiff was guilty and that finding was not "supported by a preponderance of the evidence" and also because Defendant Kuiper based his ruling on his own opinion. (Dkt. No. 28 at 1-2). Plaintiff contends that the sole duty of a hearings officer is to make a decision based on the preponderance of the evidence and the reversal of Defendant Kuiper's decision by the circuit court evidences that his decision was not based on that standard.

Plaintiff's arguments are without merit. "[W]hether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, *i.e*., whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e*. whether they dealt with the judge in his judicial

5

capacity." *Mireles*, 502 U.S. at 12 (quoting *Stump v. Sparkman*, 435 U.S. 349, 362 (1978) (alteration in original)).  Plaintiff appears to argue that Defendant Kuiper's ruling should not be construed as a "judicial action" because it was wrongly decided and not based on the evidence. However, a judge's actions in finding a person guilty and rendering an opinion are inherently judicial actions.  *See Reynolds-Bey v. Harris*, 428 Fed. App'x 493, 498 (6th Cir. 2011) (holding that "presiding over a hearing and authoring a hearing report" were "clearly" within the scope of a hearing officer's judicial capacity.).  Further, the United States Court of Appeals for the Sixth Circuit has held that judicial officers are entitled to immunity even if their decision was made in bad faith or based on a discriminatory motive.  *See Id*. at 499 (holding the hearing officer was entitled to immunity even if she was accused of acting in bad faith); *Williams v Moyer*, 9 Fed. App'x 324, 326 (6th Cir. 2001) (holding judges and court employees are entitled to immunity from a plaintiff's claims of conspiracy and racial discrimination during his divorce proceedings).

In the present action, Plaintiff's claims only implicate Defendant Kuiper's judicial actions, therefore, immunity attaches and Plaintiff's objection is denied.

**B.     Defendant Thurlow's Motion for Summary Judgment**

    1.     Due Process Claim

Plaintiff objects generally to the Magistrate Judge's findings regarding his due process claim, merely stating: "[m]y Due Process rights were violated when defendant Thurlow initiated false proceedings against me by filing false charges, which were the cause of my loss of a liberty interest."  (Dkt. No. 28 at 2).

Plaintiff's objection fails to object to any particular finding by the Magistrate Judge. Rather, Plaintiff merely states a general disagreement with the Magistrate Judge's findings and

requests a different result. Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir.1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id*. (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir.1991). Plaintiff's general objection to the Magistrate Judge's "assessment" of his due process claim is not a valid objection and is therefore denied.

      2.      Equal Protection

Plaintiff next objects to the Magistrate Judge's treatment of his Equal Protection claim arguing that Defendant Thurlow's decision "to single [Plaintiff] out" was based on his ethnicity and therefore constituted discrimination. (Dkt. No. 28 at 2). Plaintiff claims that because of this disparate treatment he was not afforded the same equal protection of the laws as other prisoners.

Plaintiff's objection fails to address the deficiency that the Magistrate Judge accurately found with his Equal Protection claim. "To state a claim under the Equal Protection Clause, a § 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class." *Henry v. Metro. Sewer Dist.*, 922 F.2d 332, 341 (6th Cir. 1990) (citation omitted). Specifically the Magistrate Judge held, "Plaintiff does not allege, nor has he offered anything to show, that he was treated differently from any other inmate by defendant Thurlow on account of his race or ethnicity." (Dkt. No. 27 at 13). Plaintiff's entire claim is based on an unnamed inmate's direction to Defendant Thurlow to "look at the

Mexican." The Magistrate Judge rightly concluded that Plaintiff's "unsubstantiated, personal belief that defendant Thurlow was motivated by his race [in issuing Plaintiff a major misconduct] is insufficient" to evidence that he was treated differently. (Dkt. No. 27 at 13).

Plaintiff's objection merely consists of a restatement of this unsubstantiated personal belief and is therefore unavailing. The Court denies Plaintiff's objection regarding his equal protection claim.

      3.      Section 1981 claim

Plaintiff next objects to the Magistrate Judge's finding that summary judgment is appropriate for his claim of racial discrimination pursuant to 41 U.S.C. § 1981. Plaintiff states "[t]he Magistrate used the same Equal Protection assessment to say that there is was no Section 1981 claim. It is up to the province of a jury to determine if there was an actual discriminatory action taken." (Dkt. No. 28 at 3).

As accurately set forth in the Report and Recommendation, to establish a claim of racial discrimination pursuant to § 1981, a plaintiff must show: "(1) he belongs to an identifiable class of persons who are subject to discrimination based on their race; (2) the defendant intended to discriminate against him on the basis of race; and (3) the defendant's discriminatory conduct abridged a right enumerated in section 1981(a)." *Amini v. Oberlin College*, 440 F.3d 350, 358 (6th Cir. 2006). The Magistrate Judge accurately noted that except for the requirement that the defendant's discriminatory conduct be enumerated in § 1981(a), the requirements of an equal protection claim mirror those of a claim brought pursuant to §1981. *See Willie McCormick & Associates, Inc.*, 61 Fed. App'x 953, 957 (6th Cir. 2003) (citing *Gutzwiller v. Fenik*, 860 F.2d 1317, 1325 (6th Cir. 1988)).

In this case, Plaintiff fails to show that Defendant Thurlow intended to discriminate against him (as set forth *infra*) which is fatal to both his Equal Protection claim and his claim of racial discrimination pursuant to § 1981. Plaintiff's objection, therefore, is without merit and is denied.

### IV. CONCLUSION

Therefore, having reviewed *de novo* those portions of the Report and Recommendation to which objections have been filed, the Court:

(1)     DENIES Plaintiff's Objection (Dkt. Nos. 28);

(2)     ADOPTS the Report and Recommendation (Dkt. No. 27);

(3)     GRANTS Defendant Thurlow's Motion for Summary Judgment (Dkt. No. 15);

(4)     GRANTS Defendant Kuiper's Motion to Dismiss (Dkt. No. 24); and

(4)     CLOSES this case.

SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  March 25, 2014

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 25, 2014.

s/Deborah Tofil
Case Manager

9